■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRI M. HUTTON, Appellant. [632 NYS2d 323] —Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 11, 1994, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to burglary in the second degree and was sentenced to a term of 4 to 12 years in prison. She claims that her drug addiction caused her to commit the crime at issue and, therefore, the sentence imposed is harsh and excessive. We disagree. Defendant preyed on elderly people to raise money to support her drug habit and has a prior criminal record. Moreover, the presentence report reveals that she has previously been uncooperative in obtaining treatment for her drug problem. In view of these considerations, as well as the fact that the sentence imposed was in accordance with the plea agreement, we do not find the sentence to be harsh or excessive.

Mercure, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

■ In the Matter of ABDULLAH Y. SALAHUDDIN, Petitioner, v ALICE CALONGA, as Nurse of Sullivan Correctional Facility, et al., Respondents. [632 NYS2d 324] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating a prison disciplinary rule prohibiting inmates from physically interfering with staff in the performance of their duties as a result of an incident involving respondent Alice Calonga, a facility nurse. Petitioner contends that the administrative determination is not supported by substantial evidence. We disagree. In addition to the misbehavior report, the testimony of the nurse and the correction officer who responded to Calonga's call for assistance establishes that petitioner approached Calonga and stood between her and the door of the examining room after a verbal confrontation. In view of this, we find that substantial evidence supports the determination. Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.